**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **JOSEPH T. OLTMANN,** | ) | Case No. 07-19488 HRT |
| | ) | Chapter 7 |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC.,** | ) | Adversary No. 07-1753 HRT |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOSEPH T. OLTMANN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ON MOTION TO COMPEL

This case comes before the Court on *Defendant's Motion to Compel Production of Report of Investigator* (docket #85) (the "Motion").

### I. BACKGROUND

Defendant seeks discovery of the reports prepared by Plaintiff's investigator concerning his interviews with two of Plaintiff's former employees and potential witnesses in this adversary proceeding. It is not disputed by the parties that the reports of the Plaintiff's investigator are the work product of Plaintiff's attorney protected by FED. R. CIV. P. 26(b)(3).[1] *See also Hickman v. Taylor*, 329 U.S. 495, 512 (1947) ("[T]he general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order.").

On January 16, 2013, the Court held a hearing on the Motion and requested that Plaintiff submit the investigator reports to the Court for in camera review. Upon the Court's review, the Court finds that the reports consist of the investigator's summary of his interviews with Jackie Rydzeski and by Kimber Panagulis, two former employees of the Plaintiff.

---

[1] Made applicable to this proceeding by FED. R. BANKR. P. 7026.

ORDER ON MOTION TO COMPEL
Adversary No. 07-1753 HRT

## II. DISCUSSION

The issue presented by the parties is whether the Plaintiff effectively waived privilege with respect to the work product reflected in the investigator's reports by utilizing information contained in the reports to supplement responses to Defendant's interrogatories and by the Plaintiff's representative testifying concerning the substance of the reports at her deposition. Certainly the Plaintiff has waived any claim of work product protection for any of its work product that has been specifically disclosed. Defendant's claim of waiver is to the subject matter of the material that has been partially disclosed. In essence, Defendant's claim is that by disclosing any portion of the contents of its investigator's report, the privilege has been destroyed as to the entire report.

"Work product can be opinion work product, which some courts have held to be absolutely privileged, or non-opinion work product, i.e., fact work product, which may be discoverable under appropriate circumstances." *In re Qwest Communications Intern. Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006). *See also* FED. R. CIV. P. 26(b)(3)(B). The investigator's reports are not verbatim statements from the interview subjects. Instead, they represent the investigator's summaries of those interviews. Frequently, this type of summary contains a substantial amount of opinion work product as they reveal lines of inquiry and the mental processes of an interviewer who is sifting information and selectively recording the elements of the conversation that, in his opinion, have relevance. *See, e.g. Upjohn Co. v. U.S.,* 449 U.S. 383, 401 (1981) (" The notes and memoranda . . . are work product based on oral statements. . . . To the extent they do not reveal communications, they reveal the attorneys' mental processes in evaluating the communications.").

As to opinion work product that reflects the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative," FED. R. CIV. P. 26(b)(3)(B), subject matter waiver is inapplicable. *Cox v. Administrator U.S. Steel &* 17 F.3d 1386, 1422 (11th Cir. 1994) ("the subject-matter waiver doctrine does not extend to materials protected by the opinion work product privilege"); *In re Martin Marietta Corp.*, 856 F.2d 619, 625-26 (4th Cir. 1988) (holding that the subject matter waiver doctrine does not apply to opinion work product); *ePlus Inc. v. Lawson Software,* 280 F.R.D. 247, 257 (E.D. Va. 2012) ("The scope of opinion work product waiver is more limited than other types of waiver. Waiver occurs as to the documents or opinion 'actually disclosed,' instead of as to the entire subject matter."). Therefore, if any subject matter waiver has occurred, the waiver could only apply to non-opinion work product.

The Defendant relies on *U.S. v. Nobles*, 422 U.S. 225 (1975), for the proposition that the Plaintiff waived any objection it may have to disclosure of its investigator's report by making testimonial use of the reports. *Nobles* does not control this case. The differences between the two are stark. In *Nobles,* a criminal defendant sought to discredit the testimony of the government's two key witnesses. To that end, the defense put its investigator on the witness stand and the

ORDER ON MOTION TO COMPEL
Adversary No. 07-1753 HRT

investigator used his investigative report to contrast statements made to the investigator with the witnesses' testimony at trial. *Id.* at 239.

The defendant in *Nobles* sought to use the investigator's report of the witness interviews as a sword to discredit their testimony at the same time that he claimed privilege to shield the full report from the government. The *Nobles* court compared the defendant's "unilateral testimonial use of work product materials," *Id.* at 240, with a defendant who elects "to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination." *Id.* Under the circumstances reflected in *Nobles,* it is unremarkable that the court found a waiver of the privilege. *See also Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 704 (10th Cir. 1998) ("[A] litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion."). The rule of *Nobles* was summarized by the Fourth Circuit in *Martin Marietta* to be that "subject matter waiver applies to non-opinion work-product when testimonial use of non-opinion work-product is made." 856 F.2d at 625.

The Court cannot find that the Plaintiff's use of its work product was "testimonial" as that term is used in *Nobles*. In *Nobles*, what the court referred to as a testimonial disclosure was a decidedly self-interested disclosure. It was defendant's attempt to selectively use his investigator's work product to discredit the prosecution witnesses. 422 U.S. at 239. In *In re Martin Marietta Corp.*, 856 F.2d 619 (4th Cir. 1988), the Court found a waiver of non-opinion work product. In *Martin Marietta*, the court also found that element of self-interested disclosure. There, the company had made disclosures of its work product to government agencies where it was adversarial to the government; it gave express assurances that it had disclosed complete information; and it did so in "a direct attempt to settle active controversies between Martin Marietta and the United States Attorney and the DOD." 856 F.2d at 625.

The circumstances reflected in this case are not comparable. Plaintiff used information discovered by its investigator to respond to interrogatory questions and to respond to questions put to the Plaintiff's designated representative during her deposition. There is no element here of the Plaintiff using the investigator's report to prove a point or seek an advantage and then deny the Defendant the ability to inquire into the veracity of the information so used. The opposite occurred in this case.

Plaintiff disclosed, in summary form, the substance of the information given to its attorney's investigator by Jackie Rydzeski and by Kimber Panagulis during the investigator's interviews. It was provided as a supplementary response to interrogatory questions seeking the names of former employees or others who possess knowledge of the circumstances alleged in the complaint and the knowledge those individual's possess. These are customary interrogatories posed by a defendant to learn the names and general scope of knowledge of potential trial witnesses.

ORDER ON MOTION TO COMPEL
Adversary No. 07-1753 HRT

The deposition testimony of Plaintiff's representative, where questions concerning the investigator's report were raised, involved Defense counsel's questions concerning the materials that the witness had reviewed prior to her deposition and the general subject matter of the investigative reports. In another portion of the deposition, counsel confirmed that the witness had signed the supplemental interrogatory responses and that the information contained therein came from the investigator's reports and was consistent with the witnesses personal recollections.

In short, the Plaintiff used its attorney's work product to provide complete responses to the Defendant's discovery. Its use was not testimonial because Plaintiff sought no affirmative advantage by its use of the work product. To adopt a doctrine that destroys attorney work product protection upon any disclosure of work product goes too far and is not consistent with *Nobles*. The teaching of *Nobles* is that a voluntary partial disclosure of non-opinion work product may work a subject matter waiver when the disclosure is used by the disclosing party as a sword to gain a tactical advantage in the litigation. *In re Commercial Financial Services, Inc.*, 247 B.R. 828, 848 (Bankr. N.D. Okla. 2000) ("The doctrine of subject matter waiver is narrowly construed and should only be employed when unfairness ( i.e., tactical or strategic advantage) is implicated-otherwise, the doctrine of subject matter waiver serves no useful purpose."). The *Commercial Financial Services* court did not find subject matter waiver of attorney work product where it found an absence of any use of the partially disclosed information as a sword to obtain a tactical advantage in the case. *Id*. at 850-51. In *In re Sealed Case*, 676 F.2d 793 (D.C. Cir. 1982), the court observed:

> The purposes of the work product privilege are more complex, and they are not inconsistent with selective disclosure-even in some circumstances to an adversary. Yet at some point acceptable tactics may degenerate into "sharp practices" inimical to a healthy adversary system. When that occurs-when a party seeks greater advantage from its control over work product than the law must provide to maintain a healthy adversary system-then the balance of interests recognized in *Hickman* [*v. Taylor*, 392 U.S. 495 (1947)] and *Duffy* [*In re Grand Jury Proceedings (Duffy)*, 473 F.2d 840 (8th Cir. 1973)] shifts, and the courts need not impede a grand jury's legitimate efforts in the name of protecting the adversary system.

*Id*. at 818. *See also Federal Election Com'n v. Christian Coalition*, 178 F.R.D. 61,76 (E.D. Va. 1998) ("'while the mere showing of a voluntary disclosure to a third person will generally suffice to show waiver of the attorney-client privilege, it should not suffice in itself for waiver of the work product privilege.'") (quoting *U.S. v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)); *In re Grand Jury Proceedings*, 219 F.3d 175, 191 (2nd Cir. 2000) ("[T]he Court in *Nobles* found it crucial that the defense elected to make affirmative use of the report and then shield it from scrutiny."); *Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1223 (4th Cir. 1976) ("[T]o the extent that a concept of subject matter waiver is applicable to Rule 26(b)(3) under the rationale of the *Nobles* case . . . we are of opinion it does not extend to a case . . . where

ORDER ON MOTION TO COMPEL
Adversary No. 07-1753 HRT

there has been only inadvertent or partial disclosure in response to specific inquiries, and in which no testimonial use has been made of the work product.").

### III. CONCLUSION

Like most privileges, the attorney work product privilege may be waived. In most cases, work product reflecting the legal theories or opinions of a parties' attorney or the attorney's agent receive almost absolute protection.[2] However, the vitality of the adversary system requires that even non-opinion work product receive a high degree of protection. Where a party has made a voluntary disclosure of attorney work product, this case illustrates the importance of requiring a showing that the disclosure was made to achieve some tactical or strategic advantage in the litigation in order to find a subject matter waiver of the privilege. Here, the disclosure was made in the interest of satisfying the Plaintiff's discovery obligations and supplying information to the Defendant. Plaintiff did not use its disclosure of the information as a sword to gain an advantage in the litigation. It disclosed information to the Defendant from which he may locate the same potential witnesses and interview or depose them as part of his own preparation for trial. Here, the work product of Plaintiff's attorney was used in a manner fully consistent with the adversarial process. Destruction of the privilege based on such a disclosure would surely not serve the interests that the work product privilege is designed to advance or the interest of complete information exchange during pre-trial discovery; nor is it consistent with *U.S. v. Nobles*, 422 U.S. 225 (1975). Therefore, it is

**ORDERED** that *Defendant's Motion to Compel Production of Report of Investigator* (docket #85) is DENIED. It is further

**ORDERED** that the deadline to complete discovery in this matter is hereby extended to **March 1, 2013**; dispositive motions shall be filed no later than **March 15, 2013** with responses due within 14 days; and the March 20, 2013, status conference is VACATED and RESCHEDULED to **June 12, 2013, at 10:30 a.m.** in Courtroom C203, Byron G. Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.

Dated this  1st  day of February, 2013.

**BY THE COURT:**

*Howard Tallman*
Howard R. Tallman, Chief Judge
United States Bankruptcy Court

---

[2] Because the Court finds no subject-matter waiver here – even of fact work product – it need not separate opinion from fact in the investigator's report.